1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7
8
9
10
11
12

| UNITED STATES OF AMERICA, | 2:08-CR-0059 JCM (GWF) |
| Plaintiff, | |
| v. | |
| JULIAN RICARDO CHACON, | |
| Defendant. | |

13

**ORDER**

14      Presently before the court is defendant Julian Chacon's motion to vacate pursuant to 28

15  U.S.C. § 2255 for ineffective assistance of counsel (doc. #78), ex parte motion for appointment of

16  counsel (doc. #79), and application to proceed in forma pauperis (doc. #80).

17      On September 24, 2009, defendant Chacon was sentenced to 92 months in custody for being

18  a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). (Doc. #61).

19  On September 25, 2009, defendant filed a notice of appeal (doc. # 62), appealing the denial of a

20  motion to suppress evidence. In his appeal, defendant argued that the court committed clear error

21  when it found his consent to search to be voluntary. The Ninth Circuit Court of Appeals affirmed

22  this court's ruling, holding that "the fact that Chacon was in custody at the time he gave consent did

23  not taint his consent," and that this court had not committed clear error in concluding that the consent

24  was voluntary.  (Doc. #73).

25  **Motion To Vacate**

26      In the present motion to vacate under § 2255 (doc. #78), defendant Chacon asserts two claims

27  for ineffective assistance of counsel. In his first claim, he asserts that after the Ninth Circuit affirmed

28

**James C. Mahan**
**U.S. District Judge**

1    his judgment, he "sent [appellate] counsel written instructions to petition [his] appeal for further

2    review which he neglected to do, violating [his] due process rights." *Id.* Further, he asserts that

3    appellate "[c]ounsel failed to argue...illegal search and seizure, [and] instead he argued [that his]

4    consent was involuntary, which is not the case." Additionally, defendant contends that trial counsel

5    failed to "investigate and develop available evidence," and that he was "coerced by counsel to take

6    the plea agreement." (Doc. #78).

7            In his second claim, defendant asserts that appellate "counsel argued an inappropriate

8    appeal." *Id.* Specifically, defendant asserts that on appeal counsel argued that his consent was

9    involuntary and tainted, rather than what he purports happened, which is that he *never* gave consent

10   *at all*. Defendant asserts that appellate counsel's failure to argue appropriately caused the Ninth

11   Circuit to affirm this court's ruling.

12           Pursuant to 28 U.S.C. § 2255, a person in custody under a judgment by a district court may

13   file a motion under this section if he seeks a determination that (1) the judgment violates the

14   Constitution or laws of the United States, (2) the court lacked jurisdiction to enter the judgment, (3)

15   the sentence exceeded the maximum allowed by law, or (4) the judgment or sentence is otherwise

16   subject to collateral review.  Further, section (4)(b) states that "if the motion is not dismissed, the

17   judge must order the United States attorney to file an answer, motion, or other response within a

18   fixed time." 28 U.S.C. § 2255(4)(b).

19           Here, defendant is asserting one of the most common cognizable claims under section 2255,

20   ineffective assistance of counsel. *See Baumann v. United States,* 692 F.2d 565, 581 (9th Cir. 1982).

21   Claims such as these "may be brought in a collateral proceeding under § 2255, whether or not the

22   petitioner could have raised them on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504,

23   123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). However, pursuant to § 2255(4)(b), the court should

24   dismiss a 2255 motion if the "motion and files and records of the case conclusively show that the

25   prisoner is entitled to no relief." 28 U.S.C. § 2255(4)(b).

26           Here, defendant's second claim is premised upon the assertion that appellate counsel argued

27   the wrong appeal– involuntary consent rather than no consent at all. Upon this court's review of the

28

James C. Mahan
U.S. District Judge

1  files, records, and transcripts in the case, it is clear that the defendant is not entitled to relief on this

2  ground. Specifically, with regards to consent, the district court, who had the ability to weigh the

3  evidence presented before it, conclusively determined that the officers' testimony was credible and

4  that the consent occurred. (Docs. #38 and #45). Arguing on appeal that the consent was involuntary

5  rather than no consent was given at all, would not affect the outcome of the appeal. Thus, the

6  defendant's second claim is dismissed.

7       Defendant's first claim regarding appellate counsel's violation of his due process rights and

8  trial counsel's failure to investigate evidence and coercing of a guilty plea survives, and the United

9  States attorney is to file an answer and/or motion in response to the motion (doc. #78).

10  **Motion To Proceed In Forma Pauperis**

11       Defendant Chacon filed an application to proceed *in forma pauperis* (doc. #80), claiming that

12  he is unable to pay fees associated with this proceeding because of his poverty. He contends that he

13  is not currently employed, has not received money of any kind in the last twelve months, does not

14  own real estate, stocks, or bonds, does not receive income from disability or the like, and that he has

15  not placed any property, assets, or money in the name of anyone else in the last two years. (Doc.

16  #80). Additionally, his financial certificate and attached inmate statement reflect that his current

17  account balance is $0.29, and that his average monthly balance is $9.00. *Id.* In light of his financial

18  circumstances, the court is inclined to grant the application to proceed *in forma pauperis.*

19  **Motion For Appointment of Counsel**

20       Under 18 U.S.C. § 3006A(2)(B), "[w]henever the United States magistrate or the court

21  determines that the interests of justice so require, representation may be provided for any financially

22  eligible person who" is seeking "relief under section...2255 of title 28." *Brown v. United States,* 623

23  F.2d 54, 61 (9th Cir. 1980) held that the court must appoint counsel where the complexities of the

24  case are such that denial of counsel would amount to a denial of due process. Further, appointment

25  of counsel is warranted when the petitioner is a person of such limited education as to be incapable

26  of presenting his claims in such a way that the court can afford him a fair hearing. *See Hawkins v.*

27  *Bennet,* 423 F.2d 948 (8th Cir. 1970).

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    Here, defendant Chacon asserts that the issues are complex and that he is unable to

2  adequately present the claims himself. (Doc. #79). Upon a review of his motion to vacate (doc. #78)

3  under 28 U.S.C. § 2255, the court finds that in the interest of justice, appointing counsel is necessary

4  to "afford him a fair hearing."

5    Accordingly,

6    IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant Julian Chacon's

7  second claim for ineffective assistance of counsel be, and the same hereby is, DISMISSED.

8    IT IS THEREFORE ORDERED that the government file an answer, motion, or other

9  response to defendant Julian Chacon's first claim of his motion to vacate pursuant to 28 U.S.C. §

10  2255 for ineffective assistance of counsel (doc. #78) within thirty (30) days from the date of this

11  order.

12    IT IS FURTHER ORDERED that defendant Julian Chacon's ex parte motion for

13  appointment of counsel (doc. #79) be, and the same hereby is GRANTED.

14    IT IS FURTHER ORDERED that defendant's application to proceed in forma pauperis (doc.

15  #80) be, and the same hereby is GRANTED.

16    DATED this 22nd day of June, 2011.

17

18    _____

19    UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**