# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
)    2:08-cr-059-JCM-GWF
vs )
)
JULIAN RICARDO CHACON, )
)    ORDER
    Defendant, )
_____ )

Presently before the court is defendant Julian Chacon's motion to vacate sentence pursuant to 28 U.S.C. § 2255. (Doc. #78). The court previously reviewed defendant's petition, dismissed ground two, and ordered the government to respond to ground one. (Doc. #82). The government then filed a response. (Doc. #91). Defendant did not file a reply.

In the remaining claim, ground one, defendant asserts that after the Ninth Circuit affirmed his judgment, he "sent [appellate] counsel written instructions to petition [his] appeal for further review which he neglected to do, violating [his] due process rights." (Doc. #78). Further, he asserts that appellate "[c]ounsel failed to argue . . . illegal search and seizure, [and] instead he argued [that his] consent was involuntary, which is not the case." (Doc. #78). Additionally, defendant contends that trial counsel failed to "investigate and develop available evidence," and that he was "coerced by counsel to take the plea agreement." (Doc. #78).

United States Magistrate Judge Foley's previous report and recommendation in this case outlines the pertinent facts (doc. #38), and it is not necessary to repeat the entire factual background here. Briefly, on July 22, 2006, a man called 911 and reported that he had seen "a guy put a woman in the trunk of a Cadillac." (Doc. #38). Officers responded to the call and

1

approached defendant, the driver of the vehicle, at a 7-Eleven store. The officers placed defendant in handcuffs and opened the trunk of the car. The officers found a woman in the trunk of the car talking on a cellular phone. At 11:44 am, the officers "Mirandized" defendant because he was suspected of a possible kidnaping. One of the officers reported that he asked defendant if he could search the vehicle, and the defendant allegedly responded by stating "go ahead." The officers then observed a handgun in plain sight in the trunk of the Cadillac. (Doc. #38).

The officers later contacted the owner of the Cadillac, Maribella Posadas, to see if they could get her consent to search the car. In an evidentiary hearing, defendant presented a recording and transcript of a telephone call between the police dispatcher and Officer Michael Purcaro, one of the officers at the scene. At 12:50 pm, after defendant had been Mirandized, Officer Purcaro informed the dispatcher that he wanted Ms. Posadas to come to the scene "and we can get a consent to search [the car] from her." (Doc. #38).

### Motion To Vacate

Pursuant to 28 U.S.C. § 2255, a person in custody under a judgment by a district court may file a motion under this section if he seeks a determination that (1) the judgment violates the Constitution or laws of the United States, (2) the court lacked jurisdiction to enter the judgment, (3) the sentence exceeded the maximum allowed by law, or (4) the judgment or sentence is otherwise subject to collateral review. "The district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989).

To establish ineffective assistance of counsel, a defendant must demonstrate that the counsel's conduct was not "within the range of competence demanded of attorneys in criminal cases," and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 131 S.Ct. 770, 787 (2011) (quoting *Strickland*, 466 U.S. at 689).

2

1. **Defendant's instructions to his appellate attorney to seek further review**

   After the Ninth Circuit affirmed this court's ruling that defendant's consent to search was voluntary (doc. #73), defendant allegedly instructed his attorney "to petition my appeal for further review which he neglected to do" (doc. #78). Defendant now argues that his counsel's failure to seek further review constituted ineffective assistance of counsel.

   In *Ross v. Moffitt*, 417 U.S. 600, 617-18, (1974), the United States Supreme Court held that the right to counsel does not extend to the filing of a petition for a writ of certiorari. "[T]he right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The Ninth Circuit has held that there is no requirement that a state "provide *any* counsel to a defendant seeking to file a certiorari petition in the United States Supreme Court." *Miller v. Keeney*, 882 F.2d 1428, 1431 (9th Cir. 1989) (italics in original). The *Miller* court further held that the due process clause does "not includ[e] a right to the effective assistance of counsel[] for the filing of certiorari petitions." *Id.* at 1433.

   Defendant did not have a right to appointed counsel to file any further appeals after the Ninth Circuit affirmed this court's decision. *Finley*, 481 U.S. at 555; *Miller*, 882 F.2d at 1431. Therefore, defendant's counsel's failure to seek further relief did not violate defendant's right to effective assistance of counsel. *Miller*, 882 F.2d at 1431.

2. **Counsel's failure to subpoena witnesses at an evidentiary hearing**

   Defendant argues that his counsel provided ineffective assistance when he failed to subpoena Ms. Posadas and Officer Purcaro at a hearing to suppress evidence. (Doc. #78). Defendant asserts that these two potential witnesses "would prove that Las Vegas Metropolitan Police Department had to call [Ms. Posadas] to get consent to search the car . . . ." (Doc. #78). Defendant further asserts that these two witnesses would have allowed his counsel "to argue illegal search and seizure." (Doc. #78). Thus, his counsel "failed to adequately develop a viable line of inquiry." (Doc. #78).

   At the evidentiary hearing, the magistrate judge heard a recording of the phone call between the dispatcher and Officer Purcaro. (Doc. #66, at 100-101). Additionally, defendant's counsel made arguments to the magistrate judge about the implications of this telephone call.

3

(Doc. #67, at 16-17). Therefore, all of the relevant information was before the magistrate judge when he made the determination that defendant's consent was voluntary.

Counsel's failure to subpoena two witnesses to testify about a telephone conversation that was already before the court does not establish that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Therefore, defendant has not established ineffective assistance of counsel on this issue.

### 3. Defendant was coerced to accept the guilty plea by counsel

Finally, defendant argues that he was coerced by counsel to accept the guilty plea. Allegedly, defense counsel told defendant that the court of appeal would reverse this court's voluntariness ruling, "so [defendant] was inclined to take the deal to get into the higher courts to appeal for reversal." (Doc. #78).

The plea agreement in this case, which defendant signed, provides that "no promises, agreements, and conditions have been entered into other than those set forth in this plea agreement." (Doc. #48). The plea agreement further stated that "no other promise has been made or implied by either defendant, defendant's attorney, or the attorney for the United States." (Doc. #48).

This court does not find defendant's allegation that his guilty plea was coerced credible. The plain language of the signed plea agreement states that no other promises had been made or implied by defendant's attorney. *See Womack v. Del Papa*, 497 F.3d 998, 1004 (9th Cir. 2007) (stating that defendant's allegations that he did not knowingly, voluntarily, and intelligently enter his plea "is belied by his statements in open court and the contents of his signed plea agreement").

Accordingly,

. . .

. . .

. . .

. . .

. . .

4

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Julian Chacon's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (doc. #78) be, and the same hereby is, DENIED.

DATED January 23, 2012.

_____
UNITED STATES DISTRICT JUDGE